**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDON RAINVILLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-24-G** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Brandon Rainville, proceeding pro se, brings this action seeking relief under 42 U.S.C. § 1983.  United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss the action with prejudice.  Plaintiff also has several motions pending; adoption of the recommendation to dismiss the action would moot each of those motions.

**I.      Discussion**

    **A.      Complaints**

On January 6, 2026, Plaintiff filed his original Complaint listing seven defendants. Doc. 1.  The next day, Plaintiff filed two supplements to his Complaint, which appeared to make additional allegations against additional defendants.  Docs. 4, 5.  Because the Complaint and supplements did not provide the information necessary to initiate a civil rights action, the Court ordered Plaintiff to file an amended complaint consisting of one document.  Doc. 7.  The Order explained that an amended complaint (1) would take the place of Plaintiff's original complaint; (2) must include any information Plaintiff wants the

Court to consider; (3) must follow the general rules of pleading in Federal Rule of Civil Procedure 8; and (4) must enable the Court and the defendant(s) to know what claims are being asserted and against whom. *Id.* at 1-3. And the Court warned Plaintiff that failure to comply with the Order "may result in dismissal of this action. *Id.* at 4.

Plaintiff timely filed his Amended Complaint. Doc. 10. The Amended Complaint, however, still failed to provide the necessary information to initiate Plaintiff's action. Accordingly, the Court ordered Plaintiff to file a second amended complaint providing the necessary information. Doc. 13. The Order again explained what information was required. *Id.*

Plaintiff timely filed his Second Amended Complaint. Doc. 20.[1] Again, however, Plaintiff failed to provide the necessary information to initiate his action. Though he brings Ground One against multiple defendants, his supporting facts allege only actions taken by "officers of the Comanche Co. Detention Center." Sec. Am. Compl. at 9-10. Similarly, Plaintiff brings Ground Two against multiple defendants, but alleges actions taken by "Respondents" and "Officials." *Id.* at 10-11.

The Court has explained to Plaintiff—twice—that his complaint must "make clear exactly *who* is alleged to have done *what* to *whom*." Doc. 7 at 3 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)); Doc. 13 at 3 (same). Though Plaintiff

---

[1] When Plaintiff filed his original Complaint and Amended Complaint, it appears he was incarcerated at the Comanche County Detention Center. Docs. 1-1; 11-1. Before filing his Second Amended Complaint, Plaintiff filed a notice of change of address, indicating he had been released from custody. Doc. 16.

may bring claims against multiple defendants, he must "provide each individual with fair notice as to the basis of the claims against him or her." Doc. 7 at 3 (quoting *Robbins*, 519 F.3d at 1250); Doc. 13 at 3 (citation modified) (same). Here, Plaintiff's Second Amended Complaint fails to clarify which persons or entities allegedly took what actions and when. Accordingly, Plaintiff has failed to comply with the Court's orders and with the pleading requirements of the Federal Rules of Civil Procedure. *See Robbins*, 519 F.3d at 1249-50 (discussing the fair notice requirement under Rule 8(a)(2)).

### B.    Failure to Comply with Orders and Rules

A court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Plaintiff's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiff failed to comply with the Court's orders and rules, as well as the Federal Rules of Civil Procedure. These failures, combined with the Court's inherent power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

3

### C.    Dismissal with Prejudice

Federal Rule of Civil Procedure 15(a) mandates that a "court should freely give leave" to amend a pleading "when justice so requires."  And giving a pro se litigant leave to amend is appropriate when the "'factual allegations are close to stating a claim.'"  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Giving leave to amend is not appropriate, however, when claims "are barred by . . . the statute of limitations so that amending those claims would be futile." *Id*.  "Stated differently, the Court may dismiss a pro se litigant's claims with prejudice when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Wrenn v. Oklahoma*, No. CIV-25-00241-JD, 2026 WL 709897, at *10 (W.D. Okla. Mar. 13, 2026) (citation modified) (quoting *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014)); *accord Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

Plaintiff's claims relate to an incident that allegedly occurred at the Comanche County Detention Center when his finger was closed in a cell door, amputating his fingertip.  Sec. Am. Compl. at 10-11.  This incident occurred on October 26, 2017.  *Id.* at 10.  In Oklahoma, a two-year statute of limitations applies to a civil rights action brought under § 1983.  *E.g.*, *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).  Accordingly, the claims Plaintiff attempts to bring in this action are barred by the statute of limitations. As such, amendment of his complaint would be futile.

4

**D.    Other Pending Motions**

Plaintiff has pending the following motions:

- Motion to Subpoena (spelling altered), Doc. 8;

- Application for Leave to Proceed in Forma Pauperis, Doc. 11;

- Motion for Temporary Relief, Doc. 12;

- Amended Application for Leave to Proceed in Forma Pauperis, Doc. 21; and

- Motion for Temporary Immediate Relief, Doc. 22.

Adoption of this Report and Recommendation would moot each of the motions.

**II.    <u>Recommendation and Notice of Right to Object</u>**

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action with prejudice**.  Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than May 5, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 14th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE